IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAROL MARMO, et al., | ) | CASE NO. 8:00CV527 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | MOTION FOR RECONSIDERATION |
| TYSON FRESH MEATS, INC., | ) | OF TAXATION OF COSTS |
| f/k/a IBP, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion for Reconsideration and Motion for Leave (Filing No. 488) related to the Court's taxation of costs in favor of Plaintiff Carol Marmo. I have reviewed the Plaintiff's Motion, supporting brief, and I have considered the legal authorities cited in the parties' briefs. I find no good reason to alter or amend the July 7, 2005, Memorandum and Order taxing costs in favor of the Plaintiff in the amount of $23.003.56, in connection with Marmo's jury verdict in the amount of $17,500. Plaintiff acknowledges that the taxation of costs is a matter within the court's discretion, and that such awards are not overturned unless the district court abuses its discretion. *See e.g.*, *Concord Boat Corp. v. Brunswick*, 309 F.3d 494, 498 (8th Cir. 2002)(stating that "[i]n determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily.") Marmo contends that the Court committed "manifest error" in taxing costs, but I find none.

I awarded Plaintiff's taxable costs in an amount significantly less than those requested. I found that the Defendant satisfied its burden of showing that an award of costs in the amount requested by the Plaintiff, in excess of $124,000, would be inequitable under the circumstances. One circumstance I considered was that the Plaintiff's degree of success on the merits of the case, when compared to her original claims, was modest,

and while she is the "prevailing party" on the nuisance claim, she was not the prevailing party on several other claims raised in the complaint. I have also considered that this case was consolidated with twelve other cases for all pretrial proceedings. I have considered that the documentary support for the application lacked specificity and accuracy in some instances. I concluded that there was little to be gained by granting Plaintiff leave to submit additional documentary support for the application, because the reduction I made to the amount of costs requested in the application was such that additional detail would not have contributed in any practical sense to the analysis or to the outcome. For all these reasons,

IT IS ORDERED:

Plaintiff'S Motion for Reconsideration and Motion for Leave (Filing No. 488) is denied.

Dated this 1st day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge